laCANNELLA, Judge.
Defendants, Marvin Gorman and the Met-ropodtan Christian Center, Inc. (MCC), appeal from a judgment, in this breach of lease action, rendered in favor of plaintiffs, Betty Kelly, wife oi/and Widiam Harper, in the amount of $19,026.12 plus legal interest from the date of judicial demand as wed as costs. For the reasons which follow, we reverse.
On March 26, 1988, defendants entered into a lease agreement with plaintiffs concerning property located at 2723 North Hul-len Street, Metairie, Louisiana. Defendants intended to use the property, formerly a swimming pool supply warehouse, for its church facidty. The lease was for a five year term, commencing on April 15, 1988, at $3,500 per month. The lease provided that defendants would be responsible for ad main *1095 tenance except the roof. The lease was also subject to lessees’ ability to obtain all necessary permits from the proper governmental agencies to occupy and operate the building as a church. Defendants spent approximately $73,000 Rin improvements, including the construction of a platform or altar in the main portion of the building. However, defendants were never able to obtain a final occupancy permit from the State Fire Marshal.
In September of 1992, defendants returned the keys to the building to plaintiffs, notwithstanding that they paid the September rent. Plaintiffs thereafter entered the building and destroyed and removed the platform which defendants had constructed. Defendants nevertheless paid October and November rent. However, when defendants tendered the December 1992 rent as payment in full, it was rejected and the instant suit was filed.
Plaintiffs filed suit for the remainder of the rent due under the lease, alleged repair and maintenance costs, past due and future taxes for the term of the lease and insurance premiums for the remainder of the lease.
Defendants answered the lawsuit and affirmatively pled four defenses to plaintiffs’ action: (1) that plaintiffs made a verbal agreement at the time the lease was signed that defendants could cancel the lease at any time; (2) that defendants did not breach the lease agreement by leaving before the end of the term because defendants were never able to secure the necessary permits from the State Fire Marshal; (3) that plaintiffs had disrupted defendants’ peaceable possession of the leased premises, thereby breaching the lease themselves; and (4) that plaintiffs failed to minimize the damages.
After trial on the merits, the trial court rendered judgment for the remaining rent payments and taxes due under the lease in the amount of $19,026.12, as well as legal interest from the date of judicial demand and costs. It is from this judgment that defendants appeal.
Defendants argue on appeal that the trial court erred in rendering | ¿judgment against them. They argue that plaintiffs have no legal right to enforce the remaining terms of the lease because defendants were never able to obtain the necessary permits to occupy the premises legally as a church, a condition precedent to continuation of the lease. Further, they argue that during the term of the lease plaintiffs came on the premises and destroyed the platform upon which services were held, making it impossible for defendants to continue using the premises for the purpose it was leased, as a church. Defendants also contend that the trial court erred in not finding that the lease was breached by plaintiffs in not maintaining the roof, allowing significant leaks and denying defendants peaceable possession. Finally, defendants argue that the trial court erred in not giving effect to the verbal promise made by plaintiffs to defendants at the time the lease was confected, that defendants could terminate the lease at any time.
Plaintiffs counter that, irrespective of any verbal agreement allowing termination of the lease at any time, or defendants’ inability to obtain the required permits from the appropriate governmental authorities and the Fire Marshal, the lease agreement should still be enforceable because defendants continued to occupy the premises for over four years. We disagree.
The original lease contained the following clause:
Execution of this lease is predicated on lessees ability to obtain all proper permits from all government authorities for the occupancy of the land and buildings including adequate parking for the operation of a church or other defined business at no later date than April 15,1988.
The lease contained an addendum which provided in pertinent part:
That the parties acknowledge that Lessee to date has been unable to obtain the necessary hpermits referred to above and that both parties desire to temporarily waive the provisions of the above quoted clause and do hereby agree to extend the date for obtaining of the certificates until May 15, 1988 or such later date as the parties may hereinafter agree to in writing.
*1096 There is no other evidence that the parties further extended or waived the permit condition. Testimony by several witnesses indicates that defendants were never able to obtain the required permits from Jefferson Parish and the Fire Marshal for occupancy of the building as a church. The demands by both agencies were extensive. In the upper portion of the building defendants had to replace a wooden beam with a steel one. Sprinkler systems had to be added. Lighted doorways had to be added. Handicap ramps had to be added. Testimony indicated that defendants spent over $75,000 to meet these demands and obtain the necessary permits. Nevertheless, the demands and absence of permits continued up to and through 1992 when defendants vacated the building.
The record clearly indicates a good faith attempt on defendants’ part to obtain the required permits and plaintiffs do not contend otherwise. The lease itself predicates the continuation thereof on defendants’ ability to obtain these permits. Defendants were never able to obtain the permits despite their best efforts. Therefore, under the very terms of the lease, it was unenforceable.
Plaintiffs arguments that this clause should not be held against them because defendants stayed in the building so long lacks merit. The testimony indicated that defendants continued, throughout that entire period, in their attempt to secure the permits. Remaining in the building under those conditions cannot be held against them, or their right to vacate the 16premises as specified in the lease agreement. It only indicates a tolerance on the part of defendants.
Furthermore, there is record support for several of defendants’ other defenses to plaintiffs’ right to enforce the remainder of the lease. There was uncontradicted testimony that plaintiffs told defendants that they could terminate the lease at anytime without recourse. Plaintiffs did not testify to the contrary, but only stated that they did not remember. There was also testimony that plaintiffs did not keep up their part of the lease obligation. The lease required plaintiffs to maintain the roof. There was testimony that there were leaks in the roof that interfered at times with defendants’ occupancy. Also, the record supports defendants’ contention that plaintiffs came into the building in October of 1992 and destroyed the platform, necessary for church services, making it impossible for defendants to return to the building and occupy it for the purpose intended, as a church.
Therefore, we find that the trial court was clearly wrong in rendering judgment in favor of plaintiffs and against defendants, finding that plaintiffs were entitled to the monthly rental payments and taxes for the remainder of the lease term. However, insofar as the judgment held defendants liable for 1992 taxes, we affirm.
Accordingly, the judgment of the district court is vacated and reversed insofar as it held defendants liable for rent and taxes from December 1992 through April 14, 1993 and costs, and affirmed insofar as it held defendants hable for the 1992 taxes and legal interest thereon from the date of judicial demand. Costs of appeal are assessed against appellee.
REVERSED IN PART; AFFIRMED IN PART; AND RENDERED.